**Walter J. VAN, Jr., Petitioner–Appellant,**

**v.**

**GASPAR, Deputy Warden; et al., Respondents–Appellees.**

**No. 05–15637.**

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2007.*

Filed June 15, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

---

Walter J. Van, Jr., Buckeye, AZ, pro se.

AGAZ–Office of the Arizona Attorney General, Tucson, AZ, Joseph L. Parkhurst, III, Esq., for Respondents–Appellees.

Before: GOODWIN, BYBEE, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Walter J. Van, Jr. appeals the district court's denial of his federal habeas petition challenging his jury conviction for first-degree burglary, armed robbery, kidnapping, and aggravated assault. Because the facts are known to the parties, we do not recount them here. We review de novo the district court's denial of Van's federal habeas petition, *Lockhart v. Terhune*, 250 F.3d 1223, 1228 (9th Cir.2001), and we affirm.

■ The only issue certified on appeal is whether the voice identification testimony admitted at trial was unduly suggestive and unreliable. Van did not present this issue in his opening brief. Nevertheless, we exercise our discretion to consider the issue on the merits because Van properly

exhausted this claim in state and federal court, the State fully addressed the issue in its response brief, Van argued the issue in his reply brief, and the State will not suffer any prejudice. *See Koerner v. Grigas*, 328 F.3d 1039, 1048–49 (9th Cir.2003) (citations omitted).

■ Van has failed to establish that the Arizona Court of Appeals decision finding that the voice identification was neither unduly suggestive nor unreliable "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Arizona Court of Appeals applied the proper test from the United States Supreme Court to determine whether the voice identification was (1) unduly suggestive and (2) unreliable. *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers*, 409 U.S. 188, 198–200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). The Arizona Court of Appeals cited persuasive, detailed facts to support its conclusion that the voice identification procedure in this case was neither unduly suggestive nor unreliable as defined by the Supreme Court, and thus the district court properly denied habeas relief on this claim.

■ We will not consider the three uncertified issues that Van raises in his opening brief because he has failed to make "a substantial showing of the denial of a constitutional right" with respect to those issues. 28 U.S.C. § 2253(c)(2); *see* 9th Cir. R. 22–1(e); *Slack v. McDaniel*, 529 U.S.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

**AFFIRMED.**